IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN ELLIOTT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2128-N-BD |
| | § | |
| GARLAND POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants J.D. Guthrie, T. Olvera, W.C. Borne, and M.S. Taylor have filed a motion for summary judgment in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. In his complaint, plaintiff alleges that defendants, who are all Garland police officers, repeatedly kicked and punched him, kneed him in the face, knocked him unconscious with a flashlight, shocked him with a taser gun, and sprayed him with pepper mace during the course of an arrest. Defendants counter that they are entitled to qualified immunity as a matter of law because the use of force against plaintiff was not unreasonable under the circumstances. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products,*

*Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint of a *pro se* litigant can be considered as summary judgment evidence to the extent the allegations contained therein are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Here, defendants move for summary judgment on their qualified immunity defense. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Winston v. City of Shreveport*, 390 Fed. Appx. 379, 383, 2010 WL 3190709 at *3 (5th Cir. Aug. 12, 2010), *quoting Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court has established a two-step analysis to determine whether a police officer is entitled to qualified immunity. First, the court must decide "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *see also Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir.), *cert. denied*, 125 S.Ct. 102 (2004). Second, the court must ask "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 129 S.Ct. at 816, *citing Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

A court has discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first "in light of the circumstances in the particular case at hand." *Id.* at 818.

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1355 (2003). This burden applies both at trial and on summary judgment. *Id.*; *see also Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). The plaintiff must rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). In order to overcome the defense of qualified immunity at the summary judgment stage, the plaintiff cannot rest on conclusory allegations or assertions, but must demonstrate genuine issues of material fact regarding the reasonableness of the defendant's conduct. *Id.*

Judged against these standards, the court determines that plaintiff cannot overcome the affirmative defense of qualified immunity. To prove that defendants violated his Fourth Amendment rights by using excessive force, plaintiff must show that the use of force was "clearly excessive to the need and was objectively unreasonable." *Nickols v. Morris*, 419 Fed.Appx. 534, 535, 2011 WL 1085526 at *1 (5th Cir. Mar. 24, 2011), *pet. for cert. filed*, (Jun. 20, 2011) (No. 11-5034), *citing Hill v. Carroll County*, 587 F.3d 230, 234 (5th Cir. 2009). The uncontroverted evidence shows that during the early morning hours of December 18, 2008, plaintiff and three other individuals stole a trailer from a street in a residential neighborhood. (*See* Def. MSJ App. at 27-30). Officers Guthrie, Olvera, Borne, and Taylor were dispatched to the scene and told that the suspects -- including plaintiff -- had fired multiple shots at the victims and were armed and dangerous. (*Id.* at 54, ¶ 2; 57, ¶ 2; 62, ¶ 2; 67, ¶ 2). When the police encountered plaintiff, he attempted to flee. (*Id.* at 55, ¶ 3; 58, ¶¶ 3-4; 63, ¶¶ 3-4). Officers Borne and Olvera chased plaintiff and eventually apprehended him.

(*Id.* at 58, ¶ 4; 63, ¶ 4). Knowing that plaintiff might be armed, the officers yelled for him to show his hands and lay down on the ground. (*Id.*). Although plaintiff went to the ground, he refused to show his hands. (*Id.* at 55, ¶ 4; 58, ¶ 4; 63, ¶ 4). As the officers attempted to handcuff plaintiff, he repeatedly tried to escape by kicking and swinging at the officers while reaching towards his waistband. (*Id.* at 58-59, ¶ 6; 64, ¶ 6). Officers Borne and Olvera employed "muscling techniques" in an effort to pry plaintiff's arms from underneath him. (*Id.*). Still, plaintiff was able to get to his knees and continued to reach towards his waistband. (*Id.* at 59, ¶ 7; 64, ¶ 7). In order to subdue plaintiff, Officer Olvera struck him three or four times on side of the neck, applied a lateral vascular neck restraint, and delivered multiple forearm strikes and knee strikes to his face. (*Id.* at 59-60, ¶¶ 7-8). Officer Borne struck plaintiff above the knee and above the elbow several times with a flashlight. (*Id.* at 64, ¶ 7). None of these techniques proved to be effective. In fact, they appeared to make plaintiff "more violent and aggressive." (*Id.* at 60, ¶ 8; 65, ¶ 8). Officer Olvera then delivered a one-second burst of pepper spray to plaintiff's face, with little effect. (*Id.* at 60, ¶ 9). In a final attempt to subdue the plaintiff and prevent him from reaching for a possible weapon in his waistband, Officer Taylor shocked plaintiff with a taser gun. (*Id.* at 56, ¶ 6; 61, ¶ 10; 65, ¶ 9; 68, ¶ 5). Only then was plaintiff subdued and handcuffed. (*Id.*). Even in handcuffs, plaintiff continued to struggle and tried to kick Officer Taylor. (*Id.* at 69-70, ¶ 9). Fearing that plaintiff was trying to access a weapon that the police missed during their search, Officer Taylor sprayed plaintiff with a one-second burst of pepper mace. (*Id.*). By his own admission, plaintiff was "up to no good," was high on methamphetamine, and was noncompliant at the time of the incident in question. (*Id.* at 24, 26, 29, 31-32, 34, 36).

Many courts, including the Fifth Circuit, have upheld the use of deadly force by police officers when suspects refuse to obey commands regarding the placement of their hands. *See, e.g.*

*Carnaby v. City of Houston*, 636 F.3d 183, 188-89 (5th Cir. 2011) (upholding use of deadly force against suspect whose actions could reasonably be interpreted as reaching for a weapon); *Reese v. Anderson*, 926 F.2d 494, 499-501 (5th Cir. 1991) (reasonable for police officer to shoot unarmed suspect who disobeyed order to put up his hands). This includes the use of taser guns and pepper spray. *See, e.g. Brewer v. Texas*, No. 3-10-CV-1721-N, 2011 WL 3101789 at *2 (N.D. Tex. Jun. 7, 2011), *rec. adopted*, 2011 WL 3047647 (N.D. Tex. Jul. 22, 2011) (use of taser device was not an unreasonable attempt to subdue plaintiff who repeatedly ignored instructions by police to show his hands); *Stinson v. Green*, No. 3-07-CV-1714-L, 2008 WL 4062087 at *4 (N.D. Tex. Aug. 27, 2008) (same as to use of pepper spray). Without evidence to show that the force used against him was clearly excessive to the need and objectively unreasonable, plaintiff cannot create a genuine issue of material fact for trial.[1]

## RECOMMENDATION

Defendants' motion for summary judgment [Doc. #20] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[1] Defendants also move for summary judgment with respect to any state law claims asserted by plaintiff. (*See* Def. MSJ Br. at 14). However, the court does not read plaintiff's *pro se* complaint to allege any claims under Texas law. To the extent plaintiff attempts to sue the Garland Police Department, his claims should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Federal courts in Texas have uniformly held that entities without a separate jural existence, such as municipal police departments, are not subject to suit. *See, e.g. Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991); *Brown v. Garland Police Dept.*, 3-05-CV-2477-K, 2006 WL 3542691 at *2 (N.D. Tex. Dec. 8, 2006).

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE